AO 245B (CASD) (Rev. 12/11) Judgment in a Criminal Case
Sheet 1

FILED
2012 DEC 18 AM 10: 51
CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br>v.<br>GARY BOBEL (1) | **JUDGMENT IN A CRIMINAL CASE**<br>(For Offenses Committed On or After November 1, 1987)<br>Case Number: 11CR5725-BEN<br>GRETCHEN C. VONHELMS<br>Defendant's Attorney |

**REGISTRATION NO.** 81468098

☐

**THE DEFENDANT:**
☒ pleaded guilty to count(s)  1 AND 2 OF THE INFORMATION.
☐ was found guilty on count(s) _____
after a plea of not guilty.
Accordingly, the defendant is adjudged guilty of such count(s), which involve the following offense(s):

| Title & Section | Nature of Offense | Count Number(s) |
|---|---|---|
| 18 USC 371 | CONSPIRACY TO DEFRAUD AND TO COMMIT WIRE FRAUD AND MONEY LAUNDERING | 1<br>2 |
| 26 USC 7201 | ATTEMPT TO EVADE OR DEFEAT TAX | |

The defendant is sentenced as provided in pages 2 through __10__ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.
☐ The defendant has been found not guilty on count(s) _____
☐ Count(s) _____ is ☐ are ☐ dismissed on the motion of the United States.
☒ Assessment: $200.00 (Count 1 - $100.00, Count 2 - $100.00) forthwith or through the Inmate Financial Responsibility Program (IFRP) at the rate of $25.00 per quarter during the period of incarceration.

☒ Fine waived    ☒ Forfeiture pursuant to order filed __JUNE 8, 2012__, included herein.

IT IS ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant shall notify the court and United States Attorney of any material change in the defendant's economic circumstances.

DECEMBER 7, 2012
Date of Imposition of Sentence

HON. ROGER T. BENITEZ
UNITED STATES DISTRICT JUDGE

11CR5725-BEN

AO 245B (CASD) (Rev. 12/11) Judgment in a Criminal Case
Sheet 2 — Imprisonment

Judgment — Page 2 of 10

DEFENDANT: GARY BOBEL (1)
CASE NUMBER: 11CR5725-BEN

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of
COUNT 1: FORTY-SIX (46) MONHTS;
COUNT 2: FORTY-SIX (46) MONTHS CONSECUTIVE TO COUNT 1.

☐ Sentence imposed pursuant to Title 8 USC Section 1326(b).

☒ The court makes the following recommendations to the Bureau of Prisons:
DEFENDANT BE INCARCERATED WITHIN THE WESTERN REGION OF THE UNITED STATES.

☒ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

☐ at _____ ☐ a.m. ☐ p.m. on _____ .

as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

☐ before _____

☐ as notified by the United States Marshal.

☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____

at _____ , with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

11CR5725-BEN

AO 245B (CASD) (Rev. 12/11) Judgment in a Criminal Case
Sheet 3 — Supervised Release

DEFENDANT: GARY BOBEL (1)
CASE NUMBER: 11CR5725-BEN

Judgment—Page __3__ of __10__

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of :
THREE (3) YEARS AS TO EACH COUNT, CONCURRENTLY.

    The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

*For offenses committed on or after September 13, 1994:*

The defendant shall not illegally possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter as determined by the court. Testing requirements will not exceed submission of more than __4__ drug tests per month during the term of supervision, unless otherwise ordered by court.

☐ The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)

☒ The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon.

☒ The defendant shall cooperate in the collection of a DNA sample from the defendant, pursuant to section 3 of the DNA Analysis Backlog Elimination Act of 2000, pursuant to 18 USC sections 3563(a)(7) and 3583(d).

☐ The defendant shall comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C. § 16901, et seq.) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which he or she resides, works, is a student, or was convicted of a qualifying offense. (Check if applicable.)

☐ The defendant shall participate in an approved program for domestic violence. (Check, if applicable.)

    If this judgment imposes a fine or restitution obligation, it is a condition of supervised release that the defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervised release in accordance with the Schedule of Payments set forth in this judgment.

    The defendant must comply with the standard conditions that have been adopted by this court. The defendant shall also comply with any special conditions imposed.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer in a manner and frequency directed by the court or probation officer;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

11CR5725-BEN

DEFENDANT: GARY BOBEL (1)  
CASE NUMBER: **11CR5725-BEN**

Judgment—Page __4__ of __10__

## SPECIAL CONDITIONS OF SUPERVISION

☒ Submit person, residence, office or vehicle to a search, conducted by a United States Probation Officer at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of release; failure to submit to a search may be grounds for revocation; the defendant shall warn any other residents that the premises may be subject to searches pursuant to this condition.

☐ If deported, excluded, or allowed to voluntarily return to country of origin, not reenter the United States illegally and report to the probation officer within  24  hours of any reentry to the United States; supervision waived upon deportation, exclusion or voluntary departure.

☐ Not transport, harbor, or assist undocumented aliens.

☐ Not associate with undocumented aliens or alien smugglers.

☐ Not reenter the United States illegally.

☐ Not enter or reside in the Republic of Mexico without written permission of the Court or probation officer.

☒ Report all vehicles owned or operated, or in which you have an interest, to the probation officer.

☐ Not possess any narcotic drug or controlled substance without a lawful medical prescription.

☐ Not associate with known users of, smugglers of, or dealers in narcotics, controlled substances, or dangerous drugs in any form.

☐ Participate in a program of mental health treatment as directed by the probation officer, take all medications as prescribed by a psychiatrist/physician, and not discontinue any medication without permission. The Court authorizes the release of the presentence report and available psychological evaluations to the mental health provider, as approved by the probation officer. Allow for reciprocal release of information between the probation officer and the treatment provider. Is required to contribute to the costs of services rendered in an amount to be determined by the probation officer, based on the defendant's ability to pay.

☒ Not engage in the employment or profession involving fiduciary responsibilities or loan modifications services, home mortgages, or credit repair services, or solicitation of such services.

☒ Provide complete disclosure of personal and business financial records to the probation officer as requested.

☒ Be prohibited from opening checking accounts or incurring new credit charges or opening additional lines of credit without approval of the probation officer.

☐ Seek and maintain full time employment and/or schooling or a combination of both.

☒ Resolve all outstanding warrants within  90  days.

☐ Complete _____ hours of community service in a program approved by the probation officer within

☐ Reside in a Residential Reentry Center (RRC) as directed by the probation officer for a period of

☒ Notify the Collections Unit, United States Attorney's Office, of any interest in property obtained, directly or indirectly, including any interest obtained under any other name, entity, including a trust, partnership or corporation, until fine or restitution is paid in full.

☒ Notify the Collections Unit, United States Attorney's Office, before transferring any interest in any property owned directly or indirectly, including any interest held or owned under any other name or entity, including trusts, partnerships, or corporations, until fine or restitution is paid in full.

```
                                            FILED
                                        12 JUN -8 AM 8:02
                                     CLERK U.S. DISTRICT COURT
                                     SOUTHERN DISTRICT OF CALIFORNIA

                                              P    DEPUTY
```

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | ) Case No. 11cr5725-BEN |
|---|---|
| Plaintiff, | ) FIRST AMENDED ORDER OF<br>) CRIMINAL FORFEITURE |
| v. | ) |
| GARY BOBEL (1), | ) |
| Defendant. | ) |

On February 13, 2012, this Court entered its Preliminary Order of Criminal Forfeiture, which condemned and forfeited to the United States all right, title and interest of GARY BOBEL (1) in the properties listed in the Forfeiture Allegations of the Information, namely,

    a.    All funds seized on June 23, 2010 from Bank of America Accounts XXXXX-X8099;

    b.    Chase Account XXX-XX6259-0;

    c.    Citibank Accounts XXXXX3689, XXXXX0571, XXXXX4250, XXXXX0619, XXXXX3347, XXXXXXX5306, XXXXXXX7982, XXXXX4292, XXXXX6256, and

    d.    Wells Fargo Bank Account XXXXXX1213;

    e.    1999 Ferrari F355 Spider (VIN: ZFFXR48A6X0113102);

f. 18K Yellow Gold Men's Rolex President Model (Serial #8494771);

g. 18K Yellow Gold Men's Rolex w/Blue Bezel Submariner Style (Serial #:Y269147);

h. $20,002.00 in US Currency seized from Citibank Safe Deposit Box 428-5; and

I. $3,173.00 in U.S. currency seized from a safe at 1556 Regatta Road.

For thirty (30) consecutive days ending on March 17, 2012, the United States published on the Government's forfeiture website, www.forfeiture.gov, notice of the Court's Order and the United States' intent to dispose of the properties in such manner as the Attorney General may direct, pursuant to 21 U.S.C. § 853(n) and Rule G(4) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, and further notifying all third parties of their right to petition the Court within thirty (30) days of the final publication for a hearing to adjudicate the validity of their alleged legal interest in the properties.

On March 12, 2012, Notice of Order of Forfeiture was sent by certified mail as follows:

| Name and Address | Article No. | Result |
| --- | --- | --- |
| Dean G. Chandler<br>3842 Wendi Court<br>Fallbrook CA 92028 | 7010 2780 0000 2237 7523 | Returned by the U.S. Postal Service marked "attempted, not known" on 3/13/12 |
| Dean G. Chandler<br>1129 Dallas Road<br>Fallbrook CA 92028 | 7010 2780 0000 2237 7530 | Returned by the U.S. Postal Service marked "unclaimed, return to sender" on 4/19/12 |
| Trellis B. Chandler<br>3842 Wendi Court<br>Fallbrook CA 92028 | 7010 2780 0000 2237 7547 | Returned by the U.S. Postal Service marked "attempted, not known" on 3/13/12 |
| Trellis B. Chandler<br>1129 Dallas Road<br>Fallbrook CA 92028 | 7010 2780 0000 2237 7554 | Returned by the U.S. Postal Service marked "unclaimed, return to sender" on 4/19/12 |
| Shawn M. Bobel<br>1556 Regatta Road<br>Carlsbad CA 92011 | 7010 2780 0000 2237 7561 | Returned by the U.S. Postal Service marked "unclaimed, return to sender" on 5/02/12 |
| Ryan M. Bobel Jepsen<br>1556 Regatta Road<br>Carlsbad CA 92011 | 7010 2780 0000 2237 7578 | Returned by the U.S. Postal Service marked "unclaimed, return to sender" on 5/06/12 |

//

//

| | Name and Address | Article No. | Result |
|---|---|---|---|
| 1 | | | |
| 2 | Pamela Sue Lyon | 7010 2780 0000 2237 7585 | Returned by the U.S. Postal Service marked "unclaimed, return to sender" on 3/31/12 |
| 3 | aka Pamela Sue Darling 1556 Regatta Road Carlsbad CA 92011 | | |
| 4 | | | |
| 5 | Pamela Sue Lyon aka Pamela Sue Darling 7491 Seashell Court Carlsbad CA 92011 | 7010 2780 0000 2237 7592 | Delivered on 3/13/12 per USPS Track & Confirm |
| 6 | | | |
| 7 | Ericka M. Smithfield 1606 Shire Avenue Oceanside CA 92057 | 7010 2780 0000 2237 7608 | Signed for as received on 3/19/12 |
| 8 | | | |
| 9 | Mick Zentic 1818 S. Pacific Street Oceanside CA 92054 | 7010 2780 0000 2237 7615 | Returned by the U.S. Postal Service marked "return to sender" on 4/11/12 |
| 10 | | | |
| 11 | Mick Zentic 2110 S. Coast Highway, Suite H Oceanside CA 92054 | 7010 2780 0000 2237 722 | Signed for as received on or about 3/13/11 |
| 12 | | | |
| 13 | Carl V. Dawson 4003 Cape Cod Lane Temecula CA 92591-2517 | 7010 2780 0000 2237 7639 | Returned by the U.S. Postal Service marked "return to sender" on 3/14/12 |
| 14 | | | |
| 15 | Carl V. Dawson 4102 Arroyo Way National City CA 91950 | 7010 2780 0000 2237 7646 | Returned by the U.S. Postal Service marked "unclaimed, return to sender" on 4/09/12 |
| 16 | | | |
| 17 | Christy Maria Dawson 4003 Cape Cod Lane Temecula CA 92591-2517 | 7010 2780 0000 2237 7653 | Returned by the U.S. Postal Service marked "return to sender" on 3/14/12 |
| 18 | | | |
| 19 | Christy Maria Dawson 805 W. 103rd Street Los Angeles CA 90044 | 7010 2780 0000 2237 7660 | Returned by the U.S. Postal Service marked "unclaimed, sender" on 4/12/12 |
| 20 | | | |
| 21 | Lorie Leigh (Melissa) Lapienes 1000 E. Via Colusa Palm Springs CA 92262 | 7010 2780 0000 2237 7677 | Returned by the U.S. Postal Service marked "unclaimed, sender" on 3/16/12 |
| 22 | | | |
| 23 | James John Vlahos 50 Platt Avenue Sausalito CA 94965 | 7010 2780 0000 2237 7684 | Signed for as received on 3/17/12 |
| 24 | | | |
| 25 | John Mussari, Agent for Service of Process Mussari Motors, Inc. 7656 Formula Place, Suite C San Diego CA 92121 | 7010 2780 0000 2237 7691 | Signed for as received on 3/14/12 |
| 26 | | | |
| 27 | | | |
| 28 | // | | |

| 1 | Notice of forfeiture was not sent to Defendant's co-defendants in this case, namely, Scott Thomas Spencer (2), Mark Andrew Spencer (3), and Travis Iverson (4). Each of these co-defendants agreed to the following in his December 16, 2011 plea agreement: |

> Defendant also waives and disclaims any interest in all properties seized in connection with the investigation of this case, including, but not limited to, the properties listed at Section X(G)(3) below [the above-referenced properties in the instant pleading]. Defendant waives receipt of notice of any and all forfeiture proceedings with respect to all such properties and agrees to execute any documents requested by the United States to fully effectuate the forfeitures of properties.

On April 17, 2012, Notice of Order of Forfeiture was sent by certified mail at a new address as follows:

| Name and Address | Article No. | Result |
|---|---|---|
| Ms. Melissa Lapienes<br>c/o Robert Chertow<br>P.O. Box 2328<br>Palm Springs CA 92263 | 7010 2780 0000 2237 9282 | Signed for as received on 4/20/12 |

On April 27, 2012, Notice of Order of Forfeiture was sent by certified mail at a new address as follows:

| Name and Address | Article No. | Result |
|---|---|---|
| Dean G. Chandler<br>P.O. Box 5426<br>Oceanside CA 92057-5426 | 7010 2780 0000 2237 9299 | Signed for as received on 5/04/12 |
| Trellis B. Chandler<br>P.O. Box 5426<br>Oceanside CA 92057-5426 | 7010 2780 0000 2237 9305 | Signed for as received on 5/04/12 |

On April 6, 2012, James Vlahos filed an Amended Petition for Hearing to Adjudicate Validity of Petitioner's Interest In Forfeited Property as to Asset (e) above, the 1999 Ferrari F355 Spider (VIN: ZFFXR48A6X0113102). On May 21, 2012, Melissa Lori Lapienes filed a petition to assert her interest in the same vehicle. These petitions will be dealt with separately, and a Motion for a Second Amended Order of Criminal Forfeiture will be filed regarding Petitioners Vlahos and Lapienes as to the Ferrari vehicle after the conclusion of the ancillary process. The United States opposes neither petition. However, as the vehicle is physically indivisible, it will be up to this Court to determine its disposition and/or return to one party or the other.

Thirty (30) days have passed following the final date of notice by publication and notice by certified mail, and no third party except James Vlahos and Lori Melissa Lapienes has made a claim to or declared any interest in the forfeited properties described above.

Accordingly, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that, as a result of the failure of any third party except James Vlahos and Lori Melissa Lapienes to come forward or file a petition for relief from forfeiture as provided by law, all right, title and interest of GARY BOBEL (1) and any and all third parties in the following properties are hereby condemned, forfeited and vested in the United States of America, except James Vlahos and Lori Melissa Lapienes as to Asset (e) below, the 1999 Ferrari F355 Spider (VIN: ZFFXR48A6X0113102):

    a. All funds seized on June 23, 2010 from Bank of America Accounts XXXXX-X8099;

    b. Chase Account XXX-XX6259-0;

    c. Citibank Accounts XXXXX3689, XXXXX0571, XXXXX4250, XXXXX0619, XXXXX3347, XXXXXXX5306 XXXXXXX7982, XXXXX4292, XXXXX6256, and

    d. Wells Fargo Bank Account XXXXXX1213;

    e. 1999 Ferrari F355 Spider (VIN: ZFFXR48A6X0113102);

    f. 18K Yellow Gold Men's Rolex President Model (Serial #8494771);

    g. 18K Yellow Gold Men's Rolex w/Blue Bezel Submariner Style (Serial #:Y269147);

    h. $20,002.00 in US Currency seized from Citibank Safe Deposit Box 428-5; and

    I. $3,173.00 in U.S. currency seized from a safe at 1556 Regatta Road.

IT IS FURTHER ORDERED that any and all interest of the following persons and entities are specifically terminated and forfeited to the United States of America as to the above-referenced properties:

//

| | |
|---|---|
| Thomas Spencer (2) | Pamela Sue Lyon, |
| Mark Andrew Spencer (3) | aka Pamela Sue Darling |
| Travis Iverson Dean G. Chandler | Ericka M. Smithfield |
| Trellis B. Chandler | Mick Zentic |
| Shawn M. Bobel | Carl V. Dawson |
| Ryan M. Bobel Jepsen | Christy Maria Dawson |
| | John Mussari |

IT IS FURTHER ORDERED that any and all interest of the following persons and entities be specifically terminated and forfeited to the United States of America as to all of the above-referenced properties except the 1999 Ferrari F355 Spider, the disposition of which remains to be determined by this Court:

James Vlahos and Lori Melissa Lapienes.

The United States does not oppose the petitions of either James Vlahos or Lori Melissa Lapienes to the 1999 Ferrari F355 Spider; however, it is unable to determine a manner of return to the separate parties. The United States Marshal cannot, absent a Court order, return the vehicle to one of the parties to the detriment of the other. This Court, therefore, shall determine one of the following: a) that the vehicle should be sold by the United States and the net proceeds of sale distributed to each of the third party petitioners; b) that the Court will determine which party has a superior interest and direct the United States to return the vehicle to that petitioner; or c) that the Court will direct some other method of disposition.

IT IS FURTHER ORDERED that costs incurred by the United States Marshals Service, Federal Bureau of Investigation and any other governmental agencies which were incident to the seizure, custody and storage of the properties be the first charge against the forfeited properties.

IT IS FURTHER ORDERED that the United States Marshals Service shall dispose of the forfeited properties according to law, except for the 1999 Ferrari F355 Spider at this time.

DATED: 6/04/2012

ROGER T. BENITEZ, Judge
United States District Court